## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Securian Financial Group, Inc., Securian
Holding Company, and Minnesota Life
Insurance Company,

Civil No. 11-2957 (DWF/HB)

          Plaintiffs,

v.

**ORDER**

Wells Fargo Bank, N.A.,

          Defendant.

---

Jeanette M. Bazis, Esq., Kathryn N. Hibbard, Esq., Mark L. Johnson, Esq., Megan M. Walsh, Esq., and Robert J. Gilbertson, Esq., Greene Espel PLLP, counsel for Plaintiffs.

Bart H. Williams, Esq., and Manuel F. Cachan, Esq., Munger Tolles & Olson LLP; Elizabeth V. Kniffen, Esq., Daniel J. Millea, Esq., Lawrence T. Hofmann, Esq., Lindsey A. Davis, Esq., Michael R. Cashman, Esq., Richard M. Hagstrom, Esq., and Rory D. Zamansky, Esq., Zelle Hofmann Voelbel & Mason LLP, counsel for Defendant.

---

This matter came before the Court for a pretrial hearing on January 28, 2015 and January 29, 2015. Consistent with, and in addition to the Court's remarks from the bench, and based upon the memoranda, pleadings, and arguments of counsel, and the Court having reviewed the contents of the file in this matter and being otherwise duly advised in the premises, the Court hereby enters the following:

### ORDER

1.      Plaintiffs' Motion *in Limine* #1 to Preclude Evidence, Opinion, or

Argument that the Declaration of Trust Eliminated, Limited, or Modified Fiduciary or

Contractual Duties (Doc. No. [216]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.    Evidence, opinion, or argument that the Declaration of Trust eliminated, limited or otherwise modified Wells Fargo's fiduciary duties and responsibilities as an agent and trustee for the Plaintiffs shall be presumptively inadmissible.  The existence of a fiduciary duty is a question of law for the Court to decide.  The parties are specifically prohibited from making any such argument during opening statements.

    b.    However, all other evidence, opinion, or argument relating to Wells Fargo's fiduciary duties, including the scope, the nature, and the extent of Wells Fargo's fiduciary responsibilities, and whether they were breached, are issues of fact for the jury, as is the nature and scope of the fiduciary relationship itself.

    c.    Evidence as to the interpretation and intent of the Declaration of Trust shall be presumptively admissible on the issue of the contractual rights of the parties and whether a breach of contract occurred.  This ruling of the Court is made pursuant to the Court's analysis of Article 4 of the Federal Rules of Evidence.  The Court will reserve the right to entertain motions relating to limiting instructions to the jury with respect to the applicability of the Declaration of Trust.

    d.    Consistent with the above, the Court declines to redact Sections 3.1, 8.1 and 8.4 of the Declaration of Trust.  However,

Section 4.6(b) may be redacted consistent with the parties' stipulation (Doc.

No. [265]) and on the Court's corresponding Order (Doc. No. [328]).

2.      Plaintiffs' Motion *in Limine* #3 to Exclude Irrelevant Information About

Investments Outside the Wells Fargo Securities Lending Program (Doc. No. [220]) is

**GRANTED IN PART** and **DENIED IN PART** as follows:

a.      The Court concludes that such evidence is presumptively

inadmissible pursuant to its Article 4 analysis, including specifically

evidence relating to Plaintiffs' Lehman investments held outside the

investments at issue in this case, but subject to one exception found below

at section c.

b.      Absent further order of the Court, the Court concludes that

such evidence has no direct or probative relationship to Wells Fargo's

Securities Lending Program ("SLP").

Moreover, the ruling of the Court is consistent with the ruling the

Court made in *Blue Cross & Blue Shield v. Wells Fargo Bank, N.A.*, Civ.

No. 11-2529, Doc. No. 485 at ¶ 2 (D. Minn. June 14, 2013) ("*BCBS*") and

*City of Farmington Hills Emps. Ret. Sys. v. Wells Fargo Bank, N.A.*, Civ.

No. 10-4372, Doc. No. 633 at ¶ 3 (D. Minn. Apr. 3, 2014) ("*Farmington*"),

and, for the same reasons enunciated in those cases, the Court finds that the

issues raised by Plaintiffs and Defendant in this motion are not factually or

legally distinguishable from the issues presented in *BCBS* and *Farmington*

on this subject.

c.      However, to the extent Wells Fargo can connect such evidence to the SLP program and investments in this case, and assuming proper foundation is laid, subject to objections during trial, such evidence shall be presumptively admissible for the limited purpose of showing what Advantus and Plaintiffs knew at the time of the SLP's losses.

3.      Plaintiffs' Motion *in Limine* #4 to Exclude Irrelevant Information About Other Securities Lending Programs (Doc. No. [224]) is **GRANTED** as follows:

a.      The Court concludes that such evidence is presumptively inadmissible pursuant to Article 4 as well as Rule 104 of the Federal Rules of Evidence on foundational grounds.  Moreover, consistent with the Court's ruling in *BCBS*, Doc. No. 485 at ¶ 4 and *Farmington*, Civ. No. 10-4372, Doc. No. 633 at ¶ 1, the Court particularly concludes that the evidence of Non-Wells Fargo SLPs does not survive a Rule 403 analysis.

b.      This ruling specifically includes evidence about Plaintiff's participation in the SLP operated by Mellon.

c.      Absent further order of the Court, the Court concludes that such evidence has no direct or probative relationship to Wells Fargo's SLP.

4.      Plaintiffs' Motion *in Limine* #5 to Exclude Comparisons Between the Performance of the SLP and the Performance of the Equity Market (Doc. No. [228]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.      On the record before the Court, and assuming proper foundation is laid, subject to objections during trial, the Court finds that

4

testimony with respect to the generalized condition of the "financial markets" necessarily includes the "equity" or stock market and survives an Article 4 analysis, including the Court's Rule 403 analysis.  To that extent, such testimony shall be presumptively admissible.

b.      However, to the extent the primary purpose of the utilization of such evidence by the Defendant is to suggest that they are the same type of investment with the same investment guidelines, such comparisons shall be presumptively inadmissible.  Such comparisons do not survive the Court's Article 4 analysis, absent further order of this Court.  The Court, however, reserves the right to revisit this issue at trial, outside the presence of the jury.

c.      Further, to the extent the primary purpose of the utilization of such evidence by the Defendant is to suggest that Plaintiff's losses were low compared to the losses found in the equity market, such comparisons shall also be presumptively inadmissible.  Such comparisons do not survive the Court's Rule 104 or Rule 403 analysis.

d.      The parties are particularly prohibited from making any such argument during opening statements.

5.      Plaintiffs' Motion *in Limine* #6 to Exclude Evidence, Opinion, or Argument Regarding Plaintiffs' Monitoring, Supervision, or Oversight (Doc. No. [232]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.      Evidence regarding Wells Fargo's "attacks" on its customers as they relate to Plaintiffs' oversight or monitoring shall be prohibited.  The Court makes this decision based upon Article 4, including Rule 403.  This evidence goes to what Plaintiffs "should or could have done" and is neither relevant nor probative.  The evidence does not survive a Rule 403 analysis with two exceptions below.

b.      To the extent proper foundation is laid and the offered testimony goes to the limited issue of Plaintiffs' sophistication and knowledge as it relates to Wells Fargo's duty to disclose material facts and information, it shall be presumptively admissible for that limited purpose.

c.      Further, to the extent proper foundation is laid and the offered testimony goes to the issue of what Advantus knew and did or did not do with that information, it shall be presumptively admissible for that limited purpose as it relates to the breach of contract claims.

d.      However, to the extent such evidence is offered to address what Advantus "should or could have done" or the fiduciary duty claims, it is presumptively inadmissible pursuant to the Court's Article 4 analysis.

6.      Plaintiffs' Motion *in Limine* #7 to Exclude Evidence of Subsequent Remedial Measures (Doc. No. [236]) is **GRANTED** as follows:

a.      The Court concludes that evidence of so-called subsequent remedial measures, that is, evidence of measures taken after the occurrence that produced the damages giving rise to the claims, is presumptively

6

inadmissible pursuant to Rule 104 and Article 4, regardless of whether Rule 407 specifically applies.

b.      Particularly, to the extent Wells Fargo seeks to introduce such evidence to address what Plaintiffs "should or could have" done based on the 2008 amendments to the Statement of Additional Information, it does not survive the Court's Article 4 analysis.  Consequently, the 2008 amendments to the Statement of Additional Information are presumptively inadmissible.

7.      Plaintiffs Motion *in Limine* #8 to Exclude Evidence that Individuals With No SLP Involvement Received Information About Securities at Issue in this Lawsuit (Doc. No. [240]) ]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.      The Court concludes that evidence that individuals who were not involved with the relevant SLP received information about the investments at issue in this lawsuit is presumptively inadmissible pursuant to the Court's Article 4 analysis, including Rule 403.

b.      However, to the extent there is a dispute about whether a specific individual who had a relationship with the SLP in this case had relevant information, this is a question of fact for the jury and testimony in that regard shall be presumptively admissible.

8.      Plaintiffs' Motion *in Limine* #9 to Exclude Evidence Regarding Department of Commerce Examinations and Findings (Doc. No. [244]) is **GRANTED** as follows:

      a.     The Court concludes that such evidence is presumptively inadmissible pursuant to the Court's Article 4 analysis.

      b.     However, the Court reserves the right to revisit the issue at trial, outside the presence of the jury, and may take up an additional offer of proof on this evidence to the extent that the issue arises in the context of impeachment or should Plaintiffs "open the door."

9.     Plaintiffs' Motion *in Limine* #10 to Exclude Evidence of Settlement Communications and Negotiations (Doc. No. [248]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.     Based on the parties' representations to the Court, there is no dispute that Exhibits 65-66 and 72-79 are inadmissible pursuant to Rule 408 as settlement-related evidence and shall be excluded from trial.

      b.     However, the Court concludes that Exhibits 68, 69, 70, and 71 are presumptively admissible pursuant to the Court's Rule 408 analysis, subject to any trial objections the parties may have.

10.    Plaintiffs' Motion *in Limine* #11 to Exclude Irrelevant Evidence Regarding Paragraph 2(f) and the Statement of Additional Information (Doc. No. [252]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.     The Court concludes that evidence regarding the domestic or foreign character of the investments at issue in this case, as well as evidence relating to industry custom and usage with respect to the meaning of the phrase "asset-backed securities," is presumptively admissible

pursuant to the Court's Article 4 and Article 7 analysis, subject to the exceptions that follow.

      b.     To the extent Wells Fargo intends to elicit expert testimony relating to what the parties intended by words in the contracts, such testimony shall be inadmissible pursuant to the Court's Article 4 and Article 7 analysis.

      c.     Wells Fargo shall argue and present evidence on this issue in a manner that is consistent with the Court's summary judgment decision and analysis (Doc. No. 195 at 19-23).

11.     Plaintiffs' Motion *in Limine* #12 to Preclude Edmon Blount from Testifying Regarding Irrelevant Systems and Irrelevant Industry Norms (Doc. No. [257]) is **GRANTED** as follows:

      a.     The Court concludes that expert testimony related to systems that were not used by Wells Fargo or did not involve the investments at issue in this case are presumptively inadmissible pursuant to the Court's Article 4 and Article 7 analysis.

      b.     The Court further concludes that expert testimony related to possible monitoring, supervision, and oversight by Plaintiffs and Advantus is presumptively inadmissible pursuant to the Court's Article 4 and Article 7 analysis.  Consequently, testimony, opinion, or argument on how systems "should or could" have been used or what systems "should or could" have existed is inadmissible.

      c.      However, subject to proper foundation being laid,

Wells Fargo may present evidence on Plaintiffs' or Advantus's systems that

actually existed and how they were or were not used.

12.      Plaintiffs' Motion *in Limine* #13 to Exclude Irrelevant and Prejudicial

Information about Bear Stearns Hedge Funds (Doc. No. [261]) is **GRANTED IN PART**

and **DENIED IN PART** as follows:

      a.      Based on the parties' representations that they agree not to

present testimony on criminal or civil investigations or lawsuits relating to

Bear Stearns, the Court concludes that any such evidence is inadmissible.

Specifically, the Court excludes the following evidence as presumptively

inadmissible pursuant to its Article 4 analysis:

      i.      Evidence relating to the criminal charges

brought against Bear Stearns executives.

      ii.      Evidence relating to the Securities and

Exchange Investigation ("SEC") investigation against those

executives and the corresponding settlement.

      iii.      Evidence relating to civil suits against Bear

Stearns and certain executives.

The Court's ruling on this issue is consistent with the Court's ruling

in *Farmington*, Civ. No. 10-4372, Doc. No. 633 at ¶¶ 5, 6, regarding Credit

Suisse.

b.      Absent further order of the Court or an additional offer of proof pursuant to Rule 104, the Court concludes that evidence about Bear Stearns does not survive a Rule 403 analysis except to the extent that the Court allows evidence relating to the financial condition of Bear Stearns as it relates to Laurence Freed's knowledge of that financial condition as set forth below:

i.      Evidence relating to losses suffered by Bear Stearns, particularly where offered as a direct comparison to the alleged losses in this case, shall be presumptively inadmissible.

ii.      Wells Fargo is further precluded from offering evidence, opinion, or argument that any Bear Stearns portfolios had similar risks or rewards as the portfolios at issue in this case.

iii.      However, to the extent that Defendant claims that Plaintiffs have "opened the door" through the testimony of Mr. Freed on issues related to losses suffered by or the success or failure of the systems implemented at Bear Stearns, the Court reserves the right to revisit this issue at trial, outside the presence of the jury.

      c.     Evidence regarding Laurence Freed's experience with SIVs, portfolio management, and the market conditions of 2007 and 2008 is presumptively admissible pursuant to the Court's Article 4 analysis.

      d.     Testimony that goes to Mr. Freed's credibility is presumptively admissible.

13.    Wells Fargo's Motion *in Limine* #1 to Preclude Argument or References by Plaintiffs or Their Counsel that Wells Fargo Stipulated to the Amount of Damages (Doc. No. [274]) is **DENIED** as follows:

      a.     The parties shall present evidence related to this issue in a manner that is consistent with the June 2014 stipulation agreed upon by the parties.

14.    Wells Fargo's Motion *in Limine* #2 to Exclude Testimony from Plaintiffs' Expert Laurence Freed on (1) Legal Matters and Conclusions and (2) State of Mind, Intent, and Motive (Doc. No. [276]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.     The motion is **GRANTED** to the extent Mr. Freed intends to give legal conclusions and render opinions regarding state of mind, motive, or intent.  Such testimony is presumptively inadmissible.

      b.     To the extent the motion seeks to otherwise exclude Mr. Freed's testimony, the motion is **DENIED WITHOUT PREJUDICE** to the parties making any appropriate trial objections.  This decision of the Court assumes that the evidence will be offered after a proper foundation

has been established pursuant to Rule 104 and that the evidence offered will

be within the evidentiary parameters of Article 4, and Article 7, including

Rule 703 and Rule 704.  Consequently, the Court will entertain objections

at the time of testimony at trial.

15.     Wells Fargo's Motion *in Limine* #3 to Exclude Evidence of the Securities

and Exchange Commission's Consent Order with Wells Fargo Brokerage Services (Doc.

No. [278]) is **GRANTED** as follows:

a.     The SEC Consent Order shall be presumptively inadmissible

pursuant to the Court's Article 4 analysis, including Rule 403.

b.     The Court reserves the right to revisit this issue at trial,

outside the presence of the jury, if either party asserts that the other has

"opened the door."

Moreover, the ruling of the Court is consistent with the ruling the

Court made in *BCBS*, Civ. No. 11-2529, Doc. No. 485 at ¶ 10 and

*Farmington*, Civ. No. 10-4372, Doc. No. 633 at ¶ 20, and, for the same

reasons enunciated in those cases, the Court finds that the issues raised by

Plaintiffs and Defendant in this motion are not factually or legally

distinguishable from the issues presented in *BCBS* and *Farmington* on this

subject.

**Other Issues**

16.     Plaintiffs and Wells Fargo shall each be allotted 90 minutes for opening statements.

17.     The parties are prohibited from arguing or using the terms "consent," "ratification," "waiver," or "estoppel" during opening statements.

18.     Plaintiffs and Wells Fargo shall each be allotted between 30 and 45 minutes for questioning on *voir dire*.

19.     Consistent with the Court's decisions and remarks from the bench, the Court concludes as follows with respect to the preliminary jury instructions:

     a.     The Court declines to add language relating to the percentage of alleged losses to the preliminary jury instructions.

     b.     The Court will add language regarding the jury's duty to disregard the criminal burden of proof of "beyond a reasonable doubt."

     c.     The Court will use the phrase "greater weight of the evidence" in the preliminary instructions.

     d.     Noting Wells Fargo's objection, the Court declines to remove the following sentence from the preliminary instructions:  "Through the claims in this lawsuit, they are seeking approximately $20.5 million in damages."

     e.     The Court will circulate revised preliminary instructions prior to trial.

20.     Consistent with Plaintiffs' statements at the pretrial conference, Plaintiffs'

Counts IX, X and XI are hereby **DISMISSED**.


Dated:  February 10, 2015          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge